IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANNE FREY and MARSHALL FREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| MICHELLE BRUNKHORST, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW, Plaintiffs Anne Frey and Marshall Frey ("Plaintiffs") and for their causes of action against Defendant Michelle Brunkhorst, state as follows.

### I.

### BRIEF INTRODUCTION

This Complaint seeks damages for personal injuries arising from Defendant's physical assault on the Plaintiff Anne Frey at a Nashville bar, and the Plaintiffs' resulting damages. All of the parties involved are citizens and residents of states other than Tennessee.

### II.

### THE PARTIES

1. The Plaintiffs Anne and Marshall Frey are citizens and resident of Wanaukee, Wisconsin.

2. Upon information and belief, Defendant Michelle Brunkhorst is a citizen and resident of Wyoming. Ms. Brunkhorst may be served with process at: 3 Emerald Drive, Buffalo, Wyoming 82834-1444.

1

## III.

## JURISDICTION AND VENUE

3. This case arises from injuries inflicted by the Defendant when she bit the Plaintiff, Anne Frey, in Nashville, Tennessee. The Plaintiffs and the Defendant are citizens of different states. Accordingly, jurisdiction is proper in the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs (who reside in Wisconsin) and Defendant (who resides in Wyoming) and the amount in controversy exceeds $75,000.

4. Venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this District. Through her wrongful acts / omissions while physically present in Nashville, Tennessee, the Defendant has subjected herself to the jurisdiction of this Court.

## IV.

## FACTS

5. On or about May 2, 2023, Plaintiff Anne Frey, 63, was visiting Nashville with her husband and other relatives. Mrs. Frey was with her family members on the second floor of (just outside the VIP area) at Kid Rock's Big Ass Honky Tonk & Rock 'n' Roll Steakhouse.

6. The incident in question occurred a few minutes before 11 p.m. on Tuesday, May 2, 2023. Suddenly, unexpectedly and without any provocation or warning, the Defendant approached Mrs. Frey from behind and bit her left upper arm, penetrating the skin even through a thick long-sleeved sweater, remaining clamped down for several seconds. The biting attack by the Defendant left an imprint on Mrs. Frey's skin of Defendant's teeth. The Defendant then

pushed Mrs. Frey and walked away. The Defendant and a man presumed to be her spouse then fled the scene.

7. Kid Rock security were immediately notified, as were two police officers working security for Kid Rock, at Kid Rock's Big Ass Honky Tonk & Rock 'n' Roll Steakhouse.

8. The following day, a formal report was made to Metro Nashville police, and Mrs. Frey saw a physician for her injuries. She was prescribed an antibiotic and cleaned the site multiple times a day as instructed. About 2 weeks later, one of the puncture wounds became infected and required additional treatment. Mrs. Frey underwent blood draws and blood panel testing including testing for the HIV and hepatitis viruses. She began a month-long course of antibiotics which caused noxious side effects. Nearly 1 year after this incident, Mrs. Frey continues to have obvious and unattractive scars on her arm reflecting the Defendant's teeth.

V.

**CAUSES OF ACTION**

9. The foregoing paragraphs, 1 through 8, are incorporated by reference, as if fully set forth herein.

10. The Defendant is legally responsible for her wrongful acts and omissions, including her biting the Plaintiff. The Defendant had a legal duty to act with appropriate care and consideration of others and not to bite another person. It cannot reasonably be disputed that the Defendant breached this legal duty of ordinary and reasonable care by biting Mrs. Frey. Accordingly, the Defendant is liable for the injuries that her own negligence inflicted on Mrs. Frey.

11. The Defendant's actions as described herein constitute the tort of battery. The Defendant intentionally, and willfully, inflicted an unlawful, painful and offensive physical

contact upon the Plaintiff's person without the Plaintiff's consent. The Defendant's actions also constitute the tort of assault, as the Defendant committed acts tending to inflict corporal injury on the Plaintiff, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against that person.

12. In addition, or in the alternative, the Defendant's wrongful actions give rise to a cause of action for negligent infliction of emotional distress.

13. Pleading further, the acts and omissions of the Defendant were reckless and in gross disregard and dereliction of her duties to the Plaintiff. Her actions reflected a conscious and deliberate desire to cause bodily harm to Mrs. Frey. The acts and/or omissions of the Defendant were grossly negligent, reckless, malicious and/or intentional, and created a substantial and unjustifiable risk of such a nature that her disregard was a gross deviation from the level of care that an ordinary person would exercise under all the circumstances. The acts or omissions of Defendant reflect a conscious indifference to, and reckless and wanton disregard of, the rights, safety and welfare of others including the Plaintiff herein. Accordingly, punitive damages should be awarded.

14. Pleading further, the Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Accordingly, Defendant is liable for all damages arising from her intentional infliction of emotional distress on the Plaintiffs.

## VI.

## DAMAGES

1. The foregoing paragraphs, 1 through 14, are incorporated by reference, as if fully set forth herein.

2. The Defendant is liable for all of the damages that she negligently, recklessly, intentionally and/or otherwise wrongfully inflicted on Mrs. Frey.

3. As a direct and proximate result of Defendant's wrongful conduct described herein, Plaintiff seeks compensatory damages in excess of $75,000, not to exceed $500,000. The elements of Plaintiff Anne Frey's damages include significant physical injuries, emotional distress, and physical and mental pain and suffering in the past, present and future.

4. In addition, Mrs. Frey's injuries have required multiple medical treatments, along with significant medical bills and expenses that she has incurred in the past and is likely to continue to incur in the future. She has also suffered and continues to suffer significant physical and/or emotional distress, discomfort and embarrassment. The Defendant has caused the Plaintiff to be disfigured and to have a permanent injury to her arm. In addition, the Plaintiff has sustained a loss of wages and/or wage-earning capacity.

5. The Plaintiff's husband, Marshall Frey, seeks damages for loss of consortium.

6. The acts and/or omissions of Defendant were of such a nature as to entitle Plaintiff to the recovery of punitive damages, in an amount not to exceed $1.5 million, under the standards set forth in Tennessee law.

7. Plaintiffs demand a jury on all issues so triable.

8. Plaintiffs reserve the right to supplement and/or amend this Complaint.

# VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand the following:

A. That proper process issue and be served on Defendant and that she be required to appear and answer this complaint within the time prescribed by law;

B. That Plaintiffs be awarded a judgment against the Defendant for compensatory damages in an amount not to exceed $500,000.

C. That Plaintiffs be awarded punitive damages in an amount not to exceed $1.5 million;

D. That the costs of this action be awarded to the Plaintiffs;

E. That post-judgment interest be awarded to the Plaintiffs;

F. For a jury of 12 to try this cause; and

G. Such further relief as this Court may deem proper.

Respectfully submitted,

*/s/Mark T. Smith*
Mark T. Smith, #21304
*msmith@srvhlaw.com*
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Ste. 1750
Nashville, Tennessee 37203
(615) 742-4547
(615) 742-4539 (fax)
*Attorney for Plaintiffs*